**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN MURR,

    Plaintiff,

vs.                                                CASE NO. 3:09-cv-495-J-TEM

RARE HOSPITALITY INTERNATIONAL,
INC., d/b/a LONGHORN STEAKHOUSE
OF JACKSONVILLE, a foreign corporation,

    Defendant.
_____

# **O R D E R**

This case is before the Court on Defendant's Motion for Summary Judgment with Incorporated Memorandum of Law (Doc. #33), filed June 4, 2010, and Plaintiff's Response and Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. #36), filed June 21, 2010. Upon consideration, as stated below, the Court finds that genuine issues of material fact preclude summary judgment.

Summary judgment shall be granted for the moving party only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A court looks to "the pleadings, the discovery and disclosure materials on file, and any affidavits," in determining whether summary judgment is appropriate. *Id.* The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case. *Celotex Corp. v. Catrett.* 477 U.S. 317, 323 (1986); *Hairston v. Gainesville Sun Publ. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). Once the moving party satisfies its burden, the burden shifts to the non-moving party to establish the existence of "specific facts showing that there is a genuine issue for trial." *Celotex*, 477

U.S. at 324; *see also Howard v. BP Oil Co. Inc.*, 32 F.3d 520, 524 (11th Cir. 1994) ("After the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial.") *citing to Celotex*, 477 U.S. at 324.

When deciding a motion for summary judgment, it is not part of the court's function to decide issues of material fact, but rather to determine whether such issues exist to be tried, and further, "the court must avoid weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publ. Co.*, 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The only determination for the court in a summary judgment proceeding is to determine whether there exists genuine and material issues of fact to be tried. *Hairston*, 9 F.3d at 921. Furthermore, all the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Howard v. BP Oil Co. Inc.,* 32 F.3d at 524.

This case involves an alleged personal injury arising from an incident that occurred on July 1, 2006. Plaintiff alleges his foot became wedged between the sidewalk and a "broken" parking block on Defendant's property, and when he removed his foot he severely injured his knee (Doc. #1, Complaint). Defendant seeks summary judgment, claiming that there is no evidence of damage to the parking stop, and even if there were damage, the damage would not be relevant to the cause of Plaintiff's injury (Doc. #33 at 6). At the deposition of Plaintiff on March 18, 2010, Plaintiff testified that the parking stop was split in half and a piece of rebar caught his foot (Doc. #37 at 2).

In considering the above-referenced motion and supporting document, the response

thereto, and having reviewed the record as a whole, the Court cannot find that Defendant has met its burden of establishing there is no genuine issue as to the material facts in this case. At a minimum, certainly the condition of the parking block itself and the surrounding area are facts material to the alleged negligence in this case. As there are questions of material fact that remain to be resolved at trial, Defendant's Motion for Summary Judgment (Doc. #33) is **DENIED**.

  **DONE AND ORDERED** at Jacksonville, Florida this 15th day of July, 2010.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
Counsel of Record